**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| SAMANTHA D. WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>RECEIVABLES MANAGEMENT PARTNERS, LLC d/b/a IMC CREDIT SERVICES,<br><br>    Defendant. | Case No: 1:19-cv-04940-TWP-MJD |

**CASE MANAGEMENT PLAN**

I.  **Parties and Representatives**

   A.   **Parties**

   | Plaintiff | Defendant |
   |---|---|
   | Samantha D. Williams | Receivables Management Partners, LLC d/b/a IMC Credit Services |

   B.   **Representatives**

   | | |
   |---|---|
   | Mohammed O. Badwan | Nicholas W. Levi |
   | Joseph S. Davidson | KIGHTLINGER & GRAY LLP |
   | SULAIMAN LAW GROUP, LTD. | 211 North Pennsylvania Street |
   | 2500 South Highland Avenue | One Indiana Square |
   | Suite 200 | Suite 300 |
   | Lombard, Illinois 60148 | Indianapolis, Indiana 46204 |
   | +1 630-575-8180 | +1 317-638-4521 |
   | +1 630-581-5450 | nlevi@k-glaw.com |
   | mbadwan@sulaimanlaw.com | |
   | jdavidson@sulaimanlaw.com | |

**II.     Jurisdiction and Statement of Claims**

    A.    Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

    B.    Plaintiff claims: (1)  Defendant violated 15 U.S.C. § 1692b(2) by communicating with Plaintiff's father and seeking to elicit payment on Plaintiff's medical debt; and (2) Defendant violated 15 U.S.C. §§ 1692d and d(5) by placing 1-2 weekly phone calls to Plaintiff despite in spite of being asked to cease.

    C.    Defendant is still gathering information and documentation regarding the factual allegations contained in Plaintiff's Complaint. However, at this time, Defendant has no evidence in its possession demonstrating that it violated the FDCPA. Moreover, the Complaint does not specifically allege sufficient facts to support a third-party disclosure. With regard to 1692d and d(5), the volume of calls noted in the Complaint is insufficient absent express intent to harass, which Defendant denies. Finally, any calls made to Plaintiff (1) were not repeated or numerous and (2) were not made with intent to annoy, abuse, or harass. Thus, there is no violation of the FDCPA.

**III.    Pretrial Pleadings and Disclosures**

    A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **February 28, 2020**.

    B.    Plaintiff(s) shall file preliminary witness and exhibit lists on or before **March 6, 2020**.

    C.    Defendant(s) shall file preliminary witness and exhibit lists on or before **March 13, 2020**.

    D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **April 10, 2020**.

    E.    Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **March 6, 2020**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto **within 21 days after receipt of the demand**.  The parties shall forward copies of their settlement demands and responses when made to Magistrate Judge Dinsmore at MJDinsmore@insd.uscourts.gov.

    F.    Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **December 7, 2020**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **January 11, 2021**.

G.      Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel **no later than 90 days prior to the dispositive motion deadline**. If such expert disclosures are served the parties shall confer **within 7 days** to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.      Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **April 1, 2021**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.      All parties shall file and serve their final witness and exhibit lists on or before **January 11, 2021**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J.      Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.      <u>Discovery of electronically stored information ("ESI")</u>. Unless otherwise agreed by the parties or ordered by the Court, all electronically stored information will be produced in its native format.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**IV.** **Discovery[1] and Dispositive Motions**

    A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? **Yes.** If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion. **Plaintiff intends to seek summary judgment as to Defendant's §§ 1692b(2), d and d(5) liability. Defendant intends to seek summary judgment on Plaintiff's claims.**

    B. On or before **October 16, 2020**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

    C. Non-expert witness discovery and discovery relating to liability issues shall be completed by **October 9, 2020**; all remaining discovery shall be completed by no later than **March 12, 2021**.

    D. Plaintiff shall file any dispositive motion on or before **November 6, 2020**; Defendant shall respond to Plaintiff's dispositive motion, and shall include any cross-dispositive motion, on or before **December 7, 2020**; Plaintiff shall respond to Defendant's cross-dispositive motion, and shall include any reply in support of Plaintiff's dispositive motion, on or before **January 7, 2021**; Defendant shall file any reply in support of its cross-dispositive motion on or before **January 22, 2021**.

        <u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

        If the required conference under Local Rule 37-1 does not resolve discovery issues that may arise, the parties will request a telephonic status conference prior to filing any disputed motion to compel or for a protective order.

**V.** **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

**VI.    Trial Date**

This matter will be ready for trial in or after **August, 2021**. The trial is by **jury** and is anticipated to take  **two (2) days**.

**VII.    Referral to Magistrate Judge**

    A.    **Case**. At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

    B.    **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

**VIII.    Required Pre-Trial Preparation**

    A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

        2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3.    Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

            a.    brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in  a question and answer format, this is strongly encouraged.); or

        b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.     Other Matters

None.

Respectfully submitted,

**SAMANTHA D. WILLIAMS**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8180
+1 630-581-5450
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com

**RECEIVABLES MANAGEMENT PARTNERS, LLC d/b/a IMC CREDIT SERVICES**

By: */s/ Nicholas W. Levi*

Nicholas W. Levi
KIGHTLINGER & GRAY LLP
211 North Pennsylvania Street
One Indiana Square
Suite 300
Indianapolis, Indiana 46204
+1 317-638-4521

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
| X | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____ .M., ROOM _____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (     ) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN **November 6, 2020**. Non-expert witness discovery and discovery relating to liability issues shall be completed by **October 9, 2020**. |

     Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

     **APPROVED AND SO ORDERED AS AMENDED.**

Dated: 21 FEB 2020

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.